# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMGUARD INSURANCE COMPANY,

    Plaintiff,

v.                                             Case No. 18-11952

FIRE SYSTEMS OF MICHIGAN, INC.

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

### I. INTRODUCTION

Plaintiff AmGuard Insurance Company is a subrogee of the South Lyon Hotel ("the Hotel"). On June 23, 2016, the Hotel sustained extensive damage from a fire. Plaintiff brings one claim of negligence against Defendant Fire Systems of Michigan, Inc. ("FSM"),[1] which installed and maintained a chemical fire suppression system in the kitchen of the Hotel's restaurant. Defendant filed a motion seeking summary judgment which also challenges the testimony of Plaintiff's fire investigation expert, Thomas Kropf. Defendant preemptively argues that this is not a case of a "battle of the experts" but rather that Plaintiff cannot establish a "prima facie case of negligence" because Mr. Kropf did not properly determine the cause of the fire. (ECF No. 47, PageID 485.) Defendant further moves to strike the affidavit of Mr. Kropf through a separate motion. (ECF No. 52.) Plaintiff responds that this case *is* "a prime example of a 'battle of the

---

[1] Defendant Industrial Steam Cleaning, Inc. was dismissed by stipulation on July 3, 2019, leaving FSM as the sole defendant in this case. (ECF No. 51.)

experts'"(ECF No. 49, PageID 1213) and argues that Mr. Kropf's opinions are admissible and create a triable issue of fact. The motions have been fully briefed, and the court determines that a hearing is unnecessary. *See* E.D. Mich. 7.1(f)(2). For the reasons stated below, the court finds that the opinions of the parties' expert witnesses are not inadmissible and do create a triable issue of fact as to legal and factual causation. Accordingly, the court will deny Defendant's motions.

## II. BACKGROUND[2]

A fire occurred at the South Lyon Hotel on June 23, 2016. That much the parties do not dispute. The remaining facts in this case are largely contested. The parties' expert witnesses each present their own theories regarding the origin location of the fire, the cause of the fire, and the failure of the Hotel kitchen's Ansulex fire suppression system, which Defendant's installed in 2004 (ECF No. 47, PageID 488), to deter the spread of the flames.

According to Plaintiff's fire investigation expert, Mr. Kropf, the fire started when the pilot light on the charbroiler grill in the Hotel's kitchen ignited crumbs in the grill's tray. (ECF No. 47-15, PageID 684.) The fire next ignited oils and grease surrounding the grill, spread to the exhaust ducts, and continued to burn throughout the Hotel. Plaintiff's fire suppression system expert, James Valentine, opined that the fire spread so drastically because the cylinders of Ansulex chemical suppressant positioned above the charbroiler failed to discharge the full amount of suppressant needed to stop the

---

[2] The court notes defense counsel's failure to include a numbered Statement of Material Facts and highlight relevant portions of the attached deposition transcripts—which counsel submitted in their entirety—as required by the court's Amended Scheduling Order. (ECF No. 39, PageID 328–29.)

2

flames. Mr. Valentine further opined that the Ansulex cylinders were improperly installed and improperly tightened, causing the impellent gas to escape the pressurized cylinders and preventing the cylinders from fully dispersing the proper amount of chemical suppressant during the fire. These issues were compounded, according to Mr. Valentine, by the fact that the nozzles on three of the cylinders were entirely clogged. (ECF No. 47-15, PageID 684; ECF No. 47-17, PageID 719–20.)

Defendant's fire origin expert, David Stayer, classified the fire as "undetermined" but presented three hypotheses as to the cause: (1) electrical issues in the second-floor office, (2) pyrolysis[3] of the structural wood near the kitchen ventilation ducts, and (3) ignition of food debris and oil by the charbroiler pilot light. (ECF No. 47, PageID 495.) Mr. Stayer disregarded the third hypothesis—which is the conclusion of Plaintiff's expert witness—because he determined that the pilot light was off at the time of the fire. *Id.* Defendant's fire suppression system expert, Nathaniel Lee, concluded that Defendant's fire suppression system dispersed the proper amount of Ansulex chemical suppressant. (ECF No. 47-20, PageID 1090.) Mr. Lee also opined that several nozzles on the Ansulex cylinders above the charbroiler were not properly positioned because Hotel management moved appliances in the kitchen nine months before the fire and ignored Defendant's requests to reconfigure the suppression system to account for these changes. (*Id.*)

Defendant's Motion for Summary judgment exclusively focuses on the opinions of Plaintiff's fire investigation expert, Mr. Kropf. (ECF No. 47, PageID 499.) Defendant

---

[3] Defendant defines pyrolysis as "a process in which material is decomposed or broken down into a simpler molecular compound[] by the effects of heat alone, which often precedes combustion as it pertains to wood." (ECF No. 47-15, PageID 685.)

3

does not challenge the qualifications of Mr. Kropf or even the treatises relied on by Mr. Kropf in forming his opinions. (ECF No. 47, PageID 500.) Instead, Defendant argues that Mr. Kropf's opinions are inadmissible as expert testimony pursuant to Federal Rule of Evidence 702 and the standard for expert testimony announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because Mr. Kropf "failed to test his own theory or rule of alternate hypotheses." (ECF No. 47, PageID 485, 499–500.) Defendant also moves to strike Mr. Kropf's affidavit (ECF No. 49-3) on the grounds that it contradicts Mr. Kropf's earlier deposition testimony. (ECF No. 52, PageID 1405.)

### III. STANDARD

Summary judgment is appropriate when there exists no dispute of material fact and the moving party demonstrates entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the court considers all evidence, and all reasonable inferences flowing therefrom, in the light most favorable to the nonmoving party. *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). The court may not make credibility determinations or weigh the evidence presented in support or opposition to a motion for summary judgment—only the finder of fact can make such determinations. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

The movant has the initial burden of showing—pointing out—the absence of a genuine dispute as to any material fact; i.e., "an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The burden then shifts to the nonmoving party to set forth enough admissible evidence to raise a genuine issue of material fact for trial. *Laster*, 746 F.3d at 726 (citing *Celotex*

4

*Corp.*, 477 U.S. at 324). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248; *Williams v. AT&T Mobility Servs. LLC*, 847 F.3d 384, 391 (6th Cir. 2017). Not all factual disputes are material. A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim "and would affect the application of the governing law to the rights of the parties." *Rachells v. Cingular Wireless Employee Servs., LLC*, 732 F.3d 652, 660 (6th Cir. 2013).

## IV. DISCUSSION

Plaintiff asserts one count of negligence against Defendant related to Defendant's alleged defective installation and maintenance of the fire suppression system in the Hotel's kitchen. Plaintiff asserts that the fire suppression system failed to perform as intended and allowed the fire to unabatedly spread throughout the Hotel. (ECF No. 1, PageID 4–5.) The elements of negligence under Michigan law are "(i) duty, (ii) general standard of care, (iii) specific standard of care, (iv) cause in fact, (v) legal or proximate cause, and (vi) damage." *Ray v. Swager*, 903 N.W.2d 366, 371 (Mich. 2017) (citing *Moning v. Alfono*, 254 N.W.2d 759 (Mich. 1977)). Proximate cause "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* (quoting *Skinner v. Square D. Co.*, 516 N.W.2d 475 (Mich. 1994)).

Here, Defendant's motion solely focuses on the causation elements and Mr. Kropf's testimony to support those elements. Defendant argues that Mr. Kropf's opinions regarding the fire's origin and cause are inadmissible because he did not test his hypothesis, disprove other hypotheses about the fire's origin and cause, and subject

5

his findings to peer review.[4] (ECF No. 47, PageID 500–06.) For the reasons explained below, none of these arguments are persuasive.

Admission of expert testimony is governed by Federal Rules of Evidence 702 and 104(a). Federal Rule of Evidence 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court has identified several non-exclusive factors that the court may consider in determining the reliability of an expert's proffered testimony:

> (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether the technique has a high known or potential rate of error; and (4) whether the technique enjoys general acceptance within the relevant scientific, technical, or other specialized community.

---

[4] To the extent Defendant argues that Mr. Kropf's opinions are not reliable because they have not been subject to peer review, such argument is misplaced. *Daubert* does not require that an expert subject his opinions to peer review. Instead, the *Daubert* peer review factor considers whether the *techniques and methodology* employed by the expert have been subject to peer review. *See Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir.2000) (describing the *Daubert* factors); *see also Walter v. Auto-Owners Mut. Ins. Co.*, 3:15-CV535-TAV-DCP, 2018 WL 3650284, at *18 (E.D. Tenn. Aug. 1, 2018) (Poplin, M.J.) ("It is not [the expert's] conclusions that have to be peer reviewed, but rather the theories underlying the forensic investigation standards in NFPA 921, which he used to formulate his conclusions.").

*Wilden v. Laury Transp., LLC*, 901 F.3d 644, 649 (6th Cir. 2018) (citing *Daubert*, 509 U.S. at 593–94; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–50 (1999)). The trial court has wide discretion in determining whether to admit or exclude opinion testimony. *United States v. Paris*, 243 F.3d 286, 288 (6th Cir. 2001). The focus of the court is on the principles and methodology used by the expert, not on the opinions and conclusions generated. *Daubert*, 509 U.S. at 594–95. An expert's opinion must be supported by more than subjective belief; it requires support by "good grounds" based on what is known. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800–01 (6th Cir. 2000). "However, mere 'weakness in the factual basis of an expert witness' opinion . . . bears on the weight of the evidence rather than on its admissibility.'" *Id.* (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)).

To form his conclusions, Mr. Kropf personally examined the Hotel and relied on fire investigation guidelines established in the National Fire Protection Association 921 ("NFPA 921"). (ECF No. 47-3, PageID 526.) "Courts have uniformly found that NFPA 921 . . . provides a reliable method for investigating fires." *Green v. State Farm Fire & Cas. Co.*, No. 10-CV-12287, 2011 WL 2412945, at *1 (E.D. Mich. June 14, 2011) (Roberts, J.) (collecting cases). At its core, Defendant's challenge relates to Mr. Kropf's alleged failure to comply with the scientific method as required by NFPA 921, § 4.1, and, more specifically, Mr. Kropf's failure to test his hypothesis and disprove all other hypotheses for the cause of the fire. (ECF No. 47, PageID 501.) This argument is flawed for several reasons.

First, an expert witness's testimony "need not eliminate all other possible causes of injury" to be admissible on the issue of causation. *Jahn v. Equine Servs.*, PSC, 233

F.3d 382, 390 (6th Cir. 2000). "The fact that several possible causes might remain 'uneliminated' . . . only goes to the accuracy of the conclusion, not to the soundness of the methodology." *Id.* (quoting *Ambrosini v. Labarraque*, 322 U.S. App. D.C. 19, 101 F.3d 129, 140 (D.C. Cir. 1996)). In the context of fire investigation cases, an expert's failure to disprove the existence of alternative ignition sources or causes for the fire may impact the weight of an expert's testimony, but it does not make an expert's opinion inherently unreliable. *See Alford v. Allstate Ins. Co.*, 12-CV-14238, 2013 WL 12181846, at *8 (E.D. Mich. July 8, 2013) (Grand, M.J.) (citing *Ky. Farm Bureau Mut. Ins. Co. v. Hitachi Home Elec. (Am.), Inc.*, No. 08-30-DCR, 2009 WL 2589854, at *3–4 (E.D. Ky. Aug. 20, 2009)). Moreover, contrary to Defendant's assertions, Mr. Kropf did explain his reasons for discounting the two alterative causes for the fire presented by the Defendant's expert. (ECF No. 47-15, PageID 680–85, 697.)[5]

Second, NFPA 921 does not mandate strict compliance with its provisions, including adherence to the scientific method. *See Alford v. Allstate Ins. Co.*, No. 12-CV-14238, 2013 WL 12181846, at *3 (E.D. Mich. July 8, 2013) (Grand, M.J.) ("NFPA 921 itself states, it is merely a guide for investigators, and it includes only nonmandatory

---

[5] Mr. Kropf's affidavit summarizes his reasons for discounting Defendant's alternative theories of the fire's causation—electrical issues and pyrolysis. (ECF No. 49-3.) "[A] district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the non-moving party's prior sworn testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). Defendant's Motion to Strike highlights isolated portions of Mr. Kropf's deposition in attempts to show a contradiction between Mr. Kropf's affidavit and deposition testimony. These isolated citations misconstrue the substance of Mr. Kropf's testimony. The court finds no direct contradiction. At his deposition, Mr. Kropf testified at length about his reasons for discounting Defendant's alternative theories of the fire's causation. (ECF No. 52-2, PageID 1463, 1465–71, 1478–80.) His affidavit filed in response to Defendant's summary judgment motion summarizes this early testimony. Accordingly, the court will deny Defendant's Motion to Strike.

provisions."); *People v. Jackson*, No. 272776, 2008 WL 2037805, at *1 (Mich. Ct. App. May 13, 2008) (quoting NFPA 921) ("NFPA 921 expressly provides that it contains only nonmandatory provisions; it merely sets guidelines and recommendations for fire investigations, not requirements."). Thus, any failure of Mr. Kropf to follow the guidelines established by NFPA 921 does not automatically render his opinions unreliable. Mr. Kropf's deviation from generally accepted fire investigation procedures goes to the weight of his opinions, not their admissibility.

Third, physical testing of a hypothesis is not a requirement for reliability. *Daubert* requires that an opinion be *testable*, not that every expert opinion be quantifiably *tested*. *See Clark v. Chrysler Corp.*, 310 F.3d 461, 467 (6th Cir. 2002) ("*Daubert* does not require an expert to come in and actually perform tests in any given situation"); *Jacobs v. Tricam Indus.*, 816 F. Supp. 2d 487, 493 (E.D. Mich. 2011) (Goldsmith, J.) ("[T]esting is not required in every case, particularly where, as here, the expert conducted an examination of the physical evidence."). Additionally, NFPA 921 specifically states that a hypothesis may be tested "by the principle of deductive reasoning, in which the investigator compares his or her hypothesis to all known facts. This testing of the hypothesis may be either cognitive or experimental." *Adams v. J. Meyers Builders, Inc.*, 671 F. Supp. 2d 262, 273 (D.N.H. 2009) (citing NFPA 921 § 4.3.6). Not only does NFPA 921 permit hypothesis testing by deductive reasoning, but courts which have addressed the issue of expert testimony on fire causation have consistently held that experimental testing is not required. *See, e.g., Shuck v. CNH Am., LLC*, 498 F.3d 868, 875 n. 3 (8th Cir. 2007) (noting the absence of a "bright line rule that expert opinions in fire cases always must be supported by testing to be admissible."); *Erie Ins. Co. v. Sunbeam*

9

*Prod., Inc.*, No. 12-CV-00703, 2015 WL 127894, at *7 (S.D. Ohio Jan. 8, 2015) (Abel, M.J.) (stating that although the expert "did not perform physical experiments to test his hypothesis, NFPA 921 specifically provides that testing is done by the principle of deductive reasoning"); *Travelers Indem. Co. v. Indus. Paper & Packaging Corp.*, No. 02–cv–491, 2006 WL 1788967, at *4 (E.D. Tenn. June 27, 2006) (Phillips, J.) ("Section 2–3.6 of the NFPA 921 recognizes the process of deductive reasoning as an appropriate methodology for determining the cause and origin of a fire.").

Here, Mr. Kropf consulted NFPA 921, visited the Hotel, examined the evidence, took photographs of the damage, and used computer-generated drawings to assist in the formulation of his opinions. (ECF No. 47-3, PageID 525.) Neither *Daulbert* or NFPA 921 require him to perform physical experiments as a prerequisite to offering his testimony in court. Mr. Kropf's opinions are the result of deductive reasoning and based on reliable principles and methods. The court finds that his opinions comport with the requirements of Rule 702. Accordingly, Plaintiff has proffered sufficient evidence to present a claim for negligence based on the failure of the fire suppression system to properly deploy once the pilot light on the charbroiler in the kitchen started a fire.

## V. CONCLUSION

The expert testimony of the parties' respective witnesses creates a triable issue of fact as to factual and proximate causation. Defendant's challenges to the testimony of Plaintiff's expert attack the weight of the expert's opinions, not their admissibility. Summary judgment is not appropriate because a jury must determine the proper weight to assign the competing expert opinions. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (ECF No. 47) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 52) is DENIED.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\18-11952.AMGUARD.msj.expert.HEK.2.docx